## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WILDEARTH GUARDIANS**<br>516 Alto Street<br>Santa Fe, New Mexico 87501;<br><br>*Plaintiff,*<br><br>v.<br><br>**OFFICE OF SURFACE MINING**<br>**RECLAMATION AND**<br>**ENFORCEMENT**; a federal agency<br>within the U.S. DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street NW,<br>Washington, DC 20240;<br><br>**U.S. DEPARTMENT OF THE**<br>**INTERIOR**, a federal agency<br>1849 C Street NW,<br>Washington, DC 20240;<br><br>*Defendants.* | Civil Action No. <u>1:19-cv-00865</u> |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.     Plaintiff WildEarth Guardians ("Guardians"), a conservation organization, brings this case against the United States Department of the Interior ("DOI") and the Office of Surface Mining Reclamation and Enforcement ("OSMRE") for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq.* related to Guardians' request of records concerning communications related to OSMRE's June 6, 2018 response to a Guardians' April 2, 2018 Citizen Complaint.

2.     Guardians submitted a FOIA request on June 6, 2018 ("FOIA Request")

requesting records of communications related to OSMRE's denial of Guardians'
citizen complaint regarding violations of the Surface Mining Control and
Reclamation Act's contemporaneous reclamation requirements at coal mines in the
Powder River Basin of Montana and Wyoming.

3.   On June 26, 2018 OSMRE electronically provided the initial FOIA
Request response and assigned it the tracking number OSMRE-2018-00158.

4.   Since that time there have been several communications between
Guardians and OSMRE wherein Guardians sough to obtain information from
OSMRE regarding the agency's progress on Guardians' FOIA request. The last
communication was by electronic mail from OSMRE on February 25, 2019. The
message stated that OSMRE still could not yet provide Guardians with a schedule
for the release of records.

5.   At no time has OSMRE stated that it has conducted a search of the
records, that any of the records were exempt from production, that a determination
of Guardians' search was made, or when responsive records would be produced.

6.   Contrary to FOIA's mandate to make responsive records promptly
available (5 U.S.C.§552 (a)(6)), OSMRE failed to make a determination on
Guardians' FOIA Request within the statutory time limit. OSMRE has failed to
provide prompt access to any of the agency records described by Guardians' FOIA
Request.

7.   By violating FOIA, Defendants have violated Guardians' right to
promptly access agency records not subject to a recognized FOIA exemption upon
filing a written request, a statutory right that each FOIA requester enjoys
regardless of the requester's purpose. 5 U.S.C. §552.

8.   The withholding of agency records not subject to one of FOIA's nine
recognized exemptions (5 U.S.C. § 552 (b)) denies Guardians' FOIA right to
promptly access information necessary to carry out its organizational mission.

Guardians' organizational mission includes participation in rulemakings involving the statutorily established public land management and environmental decision-making processes carried out, overseen, and authorized by OSMRE and DOI.

## JURISDICTION AND VENUE

9.      Jurisdiction over this action is conferred by FOIA, 5 U.S.C. § 552(a)(4)(B), § 702, and 28 U.S.C. §§ 1331 (federal question). This cause of action arises under the Freedom of Information Act, a law of the United States. An actual, justiciable controversy exists between Plaintiff and Defendant.

10.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue in the District of Columbia for all FOIA cases, and 28 U.S.C. § 1391(e) because the United States is a defendant and a significant part of the acts and omissions giving rise to Plaintiff's cause of action occur in this judicial district.

11.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

12.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

13.      This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

14.      In addition to *de novo* review and authority to compel agency FOIA compliance, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy the potentially arbitrary and capricious circumstances surrounding the agency's withholding of records. 5 U.S.C. § 552(a)(4)(F).

15.      "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

16.      Plaintiff has exhausted any and all administrative remedies in connection with its FOIA requests, as detailed below.

## **PARTIES**

17.     Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon.

18.     Any person who files a FOIA request is deemed to have standing to invoke the jurisdiction of the Federal Courts to carry out the judicial review provisions of FOIA. Guardians filed the FOIA Request at issue and has standing to bring this FOIA suit.

19.     Guardians brings this action on its own behalf and on behalf of its adversely affected members. With more than 223,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West.

20.     Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

21.     Guardians regularly uses FOIA as an important avenue for gaining information about agency activities. Guardians is harmed when it is denied timely

access to documents to which it is entitled. Guardians intends to continue its use of FOIA to access agency records in the possession of Defendants. Specifically, Guardians has concrete plans to submit FOIA requests to OSMRE as Guardians' advocacy and rulemaking efforts continue, and to follow up on the information learned while reviewing agency records responsive to the present FOIA Request.

22.     One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies, including the Administrative Procedure Act. *See, e.g.*, 5 U.S.C. § 551, *et seq.* Guardians uses FOIA to publicize activities of federal agencies and to mobilize the public to participate in the management of public land and other public resources. Guardians intends to continue using FOIA requests to fulfill its oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA.

23.     The above-described interests of Guardians, its staff, and its members have been, are being, and, unless the relief prayed for herein is granted, will continue to be adversely affected by the Defendants' failure to comply with the statutory requirements of FOIA. A favorable outcome of this litigation will redress that injury. Defendants' refusals to provide timely FOIA access to agency records prevent Guardians' informed involvement in Defendants' time-limited opportunities to participate in administrative processes. Harm to the environment flows from Defendants' FOIA violations, which conceal the facts and circumstances of OSMRE's response to Guardians' April 2, 2018 Citizen Complaint. Guardians brings this action on behalf of itself, its staff, and its members.

24.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF SURFACE MANAGEMENT ("OSMRE") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges OSMRE with the duty to provide public access to agency records in its possession or control. OSMRE possesses records responsive to

Guardians' FOIA Request. OSMRE is denying Guardians access to its records in contravention of federal law.

25.        Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF THE SECRETARY ("Office of the Secretary") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to agency records in its possession or control. The Office of the Secretary possesses records requested by Guardians. The Office of the Secretary is denying Guardians access to its records in contravention of federal law. The Office of the Secretary oversees the Office of the Solicitor, which provides inside counsel services to OSMRE and other DOI bureaus and departments.

## STATUTORY BACKGROUND
### Freedom of Information Act

26.        FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request. *Id*. § 552(a)(6)(A). It must also make the responsive records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. *Id*. § 552(a)(6). Additionally, within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id*. § 552(a)(6)(A)(i)(III)(aa).

27.        FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

28.        Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(i).

29.        First, an agency may toll the 20-working-day deadline to seek

additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

30.     Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, which also requires that it provide the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). However, to invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

31.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

32.     FOIA requires federal agencies to promptly and expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

33.     Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

34.     FOIA provides that a request for records must be "reasonably described." *Id.* § 552(a)(3)(A)(i). Courts have determined that a FOIA request reasonably describes the requested records so long as the agency's records custodian

can locate the records.

35.      The U.S. District Courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

36.      Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).  District Courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND

37.      Guardians submitted a FOIA request on June 6, 2018 ("FOIA Request") sent via email to oawoniyi@osmre.gov, foia@osmre.gov, and jvigil@osmre.gov.

38.      Guardians' request asked for "[a]ny and all records of communication related in any way to OSMRE's June 6, 2018 response to Guardians' April 2, 2018 Citizen Complaint regarding violations of the Surface Mining Control and Reclamation Act's contemporaneous reclamation requirements at coal mines in the Powder River Basin of Montana and Wyoming."

39.      OSMRE did not acknowledge receipt of Guardians' FOIA Request until June 13, 2018.

40.      On June 26, 2018 OSMRE electronically provided the initial FOIA Request response and assigned it the tracking number OSMRE-2018-00158.

41.      In its response OSMRE stated that it could not give a date for completion of the request other than stating that Guardians could receive responsive records by October 2019.

42.      Without explanation, OSMRE stated that Guardians' Request fell into

the Exceptional/Voluminous category.

43.    However, Guardians' request of records concerned only communications related to a citizen complaint Guardians filed on April 2, 2018. OSMRE responded to Guardians' complaint on June 6, 2018.

44.    At the time OSMRE classified Guardians' FOIA Request as Exceptional/Voluminous, less than 3 months of communications records is all that could have existed as responsive records to Guardians' FOIA Request.

45.    Having heard nothing further from OSMRE, on February 5, 2019 Guardians sent OSMRE an email requesting additional information concerning the status of its FOIA Request.

46.    OSMRE responded by electronic mail on February 6, 2019 stating that it needed more time to determine the status of this and other Guardians' FOIA requests.

47.    On February 11, 2019 OSMRE again responded by electronic mail stating that it needed more time to determine the status of this and other Guardians' FOIA requests. In a subsequent response to Guardians on the same day OSMRE again stated that it needed more time to determine the status of Guardians' FOIA Request.

48.    On February 21, 2019 Guardians inquired as to the status of the FOIA requests and asked for a more definitive schedule for determinations and production.

49.    On February 25, 2019 OSMRE again stated that it needed more time before it could provide a schedule for release.

50.    At no point did OSMRE state that it had gathered and reviewed the documents responsive to Guardians' request or that it had determined the scope of the documents it intended to produce or withhold.

51.    At the time this complaint was filed, OSMRE has not made a final

determination regarding Guardians' FOIA Request, produced any responsive records, or provided an estimate date on which it will complete action on Guardians' FOIA Request.

52.    Guardians has a need for the requested records. Guardians expects to use the records to determine the legality of OSMRE's response to Guardians' citizen complaint.

53.    The deadline for OSMRE to issue a final determination to Guardians' FOIA Request was no later than on or about July 26, 2018.

54.    The deadline for OSMRE to issue the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to Guardians' FOIA Request has passed. As of the date this action was filed, OSMRE has not provided Guardians with the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to Guardians' FOIA Request.

55.    As of the date this action was filed, OSMRE has failed to provide Guardians with all non-exempt documents that are responsive to Guardians' FOIA Request.

56.    As of the date this action was filed, OSMRE has failed to make promptly available to Guardians all non-exempt documents that are responsive to Guardians' FOIA Request.

57.    OSMRE is currently withholding from Guardians non-exempt documents that are responsive to Guardians' FOIA Request. None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information OSMRE is currently withholding from Guardians. OSMRE has no legal basis for withholding the records that Guardians sought via Guardians' FOIA Request.

58.    Prior to filing this action, Guardians fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

59.    Guardians has been required to expend costs and to obtain the services

of a law firm to prosecute this action.

60.     The filing of this lawsuit was necessary to compel OSMRE to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to Guardians' FOIA Request.

61.     The filing of this lawsuit was necessary to compel OSMRE to disclose all non-exempt documents and information that are responsive to Guardians' FOIA Request.

62.     OSMRE could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to Guardians' FOIA Request before Guardians filed this lawsuit. OSMRE could have disclosed all records responsive to Guardians' FOIA request before Guardians filed this lawsuit.

63.     Guardians' claims for relief in this Complaint are not insubstantial. OSMRE's failure to respond to Guardians' FOIA Request is harming Guardians and may hinder Guardians' ability to effectively engage OSMRE's actions or inactions concerning contemporaneous reclamation requirements at coal mines in the Powder River Basin of Montana and Wyoming.

64.     OSMRE FOIA officers sometimes respond to requesters' follow-up emails and letters by stating that the agency is actively working to respond to a FOIA request when that is not fully accurate.

65.     No exceptional circumstances exist that would allow this Court to allow OSMRE more time to review and disclose requested records. OSMRE has not exercised due diligence in responding to Guardians' FOIA Request. The delays at issue in this case result from a predictable circumstances and agency workload of FOIA requests. OSMRE has not made reasonable progress in reducing its backlog of pending requests.

66.     The circumstances surrounding the withholdings raise questions regarding whether OSMRE personnel acted arbitrarily or capriciously with respect

to the withholdings at issue in this case.

67.     While OSMRE is failing to meet mandatory duties under FOIA, the agency is engaged in numerous discretionary activities for which the agency is not bound by statutory deadlines.

68.     For example, OSMRE is preparing environmental reviews for several federal coal mining plans pursuant to its regulations at 30 C.F.R. § 746. The agency is conducting reviews of mining plans in North Dakota[1], Colorado[2], Oklahoma[3], Wyoming[4], and Montana[5]. The agency is under no legal deadline to complete these reviews or otherwise take action related to any federal coal mining plan.

69.     Based on the nature of Guardians' professional activities, Guardians will continue to employ the FOIA's provisions in information requests to OSMRE in the foreseeable future. Guardians' professional activities will be adversely affected if OSMRE is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate the rights of Guardians to receive public records under the FOIA.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Make a Determination on Guardians' FOIA Request

---

[1] See https://www.osmre.gov/resources/newsroom/News/2018/101518_CoyoteCreek Mine.pdf (last accessed March 6, 2019).

[2] See https://www.osmre.gov/resources/newsroom/News/2019/020819_KingIIMine .pdf (last accessed March 6, 2019).

[3] See https://www.mcrcc.osmre.gov/programs/federal-lands.shtm#Pollyanna (last accessed March 6, 2019).

[4] See https://www.wrcc.osmre.gov/initiatives/caballoMine.shtm (last accessed March 6, 2019).

[5] See https://www.wrcc.osmre.gov/initiatives/westernEnergy.shtm (last accessed March 6, 2019).

70.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

71.     Guardians has a statutory right to a lawful final determination from OSMRE on its FOIA request, Number OSMRE-2018-00158, in a manner that complies with FOIA. OSMRE has violated Guardians' rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

72.     Guardians' organizational activities will be adversely affected if OSMRE is allowed to continue violating FOIA's decision deadlines as it has in this case.

73.     Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate Guardians' rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Failure to Disclose Records Responsive to Guardians' FOIA Request by the Statutory Deadline

74.     Guardians re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

75.     OSMRE violated FOIA by failing to promptly disclose records that are responsive to Guardians' FOIA request by the deadline set forth in 5 U.S.C. § 552(a)(6)(C)(i).

76.     Guardians has a statutory right to the records it seeks, and there is no legal basis for OSMRE to assert that Guardians did not reasonably describe the records that it seeks.

77.     Based on the nature of Guardians' organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OSMRE in the foreseeable future.

13

78.      Guardians' organizational activities will be adversely affected if OSMRE continues to violate FOIA's disclosure provisions as it has in this case.

79.      Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate Guardians' rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

## Unlawful Withholding/Unlawful Constructive Denial of Records

## Responsive to Guardians' FOIA Request

80.      Guardians re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

81.      Guardians has a statutory right to the records it seeks, and there is no legal basis for OSMRE to assert that any of FOIA's nine exemptions to mandatory disclosure apply to withhold these records from Guardians.  See 5 U.S.C. § 552(b)(1)-(9).

82.      OSMRE has unlawfully withheld from disclosure records that are responsive to Guardians' FOIA Request. Based on the nature of Guardians' organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OSMRE in the foreseeable future.

83.      Guardians' organizational activities will be adversely affected if OSMRE continues to violate FOIA's disclosure provisions as it has in this case.

84.      Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate Guardians' rights to receive public records under FOIA.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

## Failure to Conduct an Adequate Search for Records Responsive to

**Guardians' FOIA Request**

85.     Guardians re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

86.     Guardians has a statutory right to have OSMRE process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). OSMRE violated Guardians' rights in this regard when it unlawfully failed to undertake a search that uses a proper cut-off date for the agency's search and that is reasonably calculated to locate all records that are responsive to FOIA Request Number OSMRE-2018-00158.

87.     Based on the nature of Guardians' organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OSMRE in the foreseeable future.

88.     Guardians' organizational activities will be adversely affected if OSMRE continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to Guardians' FOIA requests.

89.     Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate Guardians' rights to receive public records under FOIA.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

## Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

90.     Guardians re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

91.     Guardians has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

92.     OSMRE violated Guardians' rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to FOIA Request Number OSMRE-2018-00158.

93.     Based on the nature of Guardians' organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to OSMRE in the foreseeable future.

94.     Guardians' organizational activities will be adversely affected if OSMRE is allowed to continue violating FOIA's disclosure provisions as it has in this case.

95.     Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, OSMRE will continue to violate Guardians' rights to receive public records under FOIA.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

### (In the Alternative to the First through Fifth Claims)

### Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires

96.     Guardians re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

97.     OSMRE unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) search for and disclose records that are responsive to Guardians' FOIA Request by the statutory deadline; (2) conduct a search that is reasonably calculated to locate all responsive records to both of these FOIA requests and which utilizes a lawful cut-off date for

the search; (3) provide Guardians with records that are responsive to its FOIA Requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (4) provide Guardians with all reasonably segregable portions of responsive records to Guardians' FOIA Request in the event that records may be subject to an exemption.  OSMRE's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

98.     Alternatively, OSMRE unreasonably delayed agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) search for and disclose records that are responsive to Guardians' FOIA Request by the statutory deadline; (2) conduct a search that is reasonably calculated to locate all responsive records to both of these FOIA requests and which utilizes a lawful cut-off date for the search; (3) provide Guardians with records that are responsive to its FOIA Requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (4) provide Guardians with all reasonably segregable portions of responsive records to Guardians' FOIA Request in the event that records may be subject to an exemption.  OSMRE's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA, 5 U.S.C. § 706(1).

99.     As alleged above, OSMRE's failure to comply with the mandates of FOIA has injured Guardians' interests in public oversight of governmental operations and is in violation of its statutory duties under the APA.

100.    Guardians has suffered a legal wrong as a result of OSMRE's failure to comply with the mandates of FOIA.  As alleged above, OSMRE violated its statutory duties under the APA and injured Guardians' interests in public oversight of governmental operations.

101.     Guardians has no other adequate remedy at law to redress the violations noted above.

102.     Guardians is entitled to judicial review under the APA, 5 U.S.C. § 702.

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

### (In the Alternative to the First through Fifth Claims)

### Arbitrary and Capricious Violations of FOIA's Requirements

103.     Guardians re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

104.     OSMRE violated FOIA's statutory mandates due to its failure and refusal because it failed to: (1) search for and disclose records that are responsive to Guardians' FOIA Request by the statutory deadline; (2) conduct a search that is reasonably calculated to locate all responsive records to both of these FOIA requests and which utilizes a lawful cut-off date for the search; (3) provide Guardians with records that are responsive to its FOIA Requests, which are not within the scope of any of FOIA's exemptions to mandatory disclosure; and (4) provide Guardians with all reasonably segregable portions of responsive records to Guardians' FOIA Request in the event that records may be subject to an exemption. By repeatedly violating FOIA's statutory mandates, OSMRE's actions are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

105.     As alleged above, OSMRE's repeated failure to comply with the mandates of FOIA has injured Guardian's interests in public oversight of governmental operations and is in violation of the agency's statutory duties under the APA.

106.     Guardians has suffered a legal wrong as a result of OSMRE's failure to comply with the mandates of FOIA.  As alleged above, OSMRE violated its

statutory duties under the APA and injured Guardian's interests in public oversight of governmental operations.

107.    Guardians has no other adequate remedy at law to redress the violations noted above.

108.    Guardians is entitled to judicial review under the APA, 5 U.S.C. § 702.

109.    OSMRE failed to "make a determination with respect to" or make available the records related to Guardian's June 6, 2018 FOIA Request "within twenty days (excepting Saturdays, Sundays, and legal public holidays)" after receiving the request. 5 U.S.C. §§ 552(a)(6)(A)(i), (C).

## RELIEF REQUESTED

For the reasons stated above, WildEarth Guardians respectfully requests that the Court grant the following relief:

A.    Declare that Defendant violated the Freedom of Information Act by failing to lawfully satisfy Guardians' June 6, 2018 FOIA request consistent with FOIA, or in the alternative, the Administrative Procedure Act, for the reasons set forth above;

B.    Order Defendant to search for any and all responsive records to Guardians' June 6, 2018 FOIA Request using search methods likely to lead to discovery of all responsive records with the cut-off date for such searches being the date the searches are conducted, and to provide Guardians, by a date certain, with all non-exempt responsive records and reasonably segregable portions of lawfully exempt records sought in this action;

C.    Order Defendant to promptly produce, by date certain, a *Vaughn* index of any responsive records withheld under a claim of exemption, if any, at no cost to Guardians;

D.    Enjoin Defendant from continuing to withhold any and all non-exempt responsive records to Guardians' request;

19

E.      Retain jurisdiction over this action to ensure the processing of Guardians' FOIA request and that no agency records are improperly withheld;

F.      Award Guardians its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award Guardians its costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

G.      Grant such other and further relief as the Court may deem just and proper.

DATED:  March 26, 2019

s/ Jeremy Mckay
Jeremy Mckay D.C. Bar No. CO0071
501 S. Cherry Street
Suite 1100
Denver, CO 80246
Phone: 720-722-0336
E-Mail: jmckay@eadefense.org

Alexa Carreno D.C. Bar No. CO0072
501 S. Cherry Street
Suite 1100
Denver, CO 80246
Phone: 720-722-0336
E-Mail: acarreno@eadefense.org

*Attorneys for Plaintiff*